UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DWANE JONES,                                                                    Plaintiff,

v.                                                       Civil Action No. 3:18-cv-93-DJH

DASCO – NORTON HOME MEDICAL
EQUIPMENT, LLC,                                         Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Dwane Jones brings this action against Defendant DASCO – Norton Home Medical Equipment, LLC, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (Docket No. 1) DASCO moves to dismiss the complaint, arguing that Jones's claim fails as a matter of law because he consented to receive the calls at issue. (D.N. 7) Because an individual may revoke his prior consent under the TCPA, DASCO's argument is unavailing. The Court will therefore deny DASCO's motion.

### I.     Background

The following facts are set forth in the complaint and taken as true for the present motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

This action arises from DASCO's attempt to collect a debt from Jones related to his purchase of a medical device. (*See* D.N. 7) Jones contends that DASCO called him approximately 250 times, and that the calls were made using an automatic telephone dialing system. (D.N. 1, PageID # 3) Jones also alleges that he instructed DASCO "on several occasions" to stop calling his cellphone number. (*Id.*, PageID # 4)

1

Jones filed this action on February 13, 2018, alleging violations of the TCPA's prohibition against the use of an automatic telephone dialing system. (D.N. 1) *See also* 47 U.S.C. § 227(b)(1)(A)(iii). DASCO now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (D.N. 7)

## II. Standard

In order to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the plaintiff has not shown that she is entitled to relief. *Id*. at 679. The complaint need not contain "detailed factual allegations," but it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555). For purposes of a motion to dismiss, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett*, 561 F.3d at 488 (citing *Gunasekera*, 551 F.3d at 466).

## III. Discussion

In support of its motion to dismiss, DASCO attaches several exhibits. (*See* D.N. 7-1; D.N. 7-2; D.N. 7-3) "Because [these] document[s] [are] neither contained nor referenced in the

---

[1] DASCO also moves to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). (D.N. 7, PageID # 22–23) DASCO provides, however, no jurisdictional argument beyond its principal argument regarding the sufficiency of Jones's complaint (i.e., that the TCPA does not apply where a consumer has consented to receive the calls at issue). The Court will therefore solely analyze DASCO's motion pursuant to the standard applicable to Rule 12(b)(6) motions.

pleadings, the Court must either reject the evidence or treat [DASCO's] motion as one for summary judgment." *See Tucker v. Heaton*, No. 5:14–CV–00183–TBR, 2015 WL 3935883, at *2 (W.D. Ky. June 26, 2015). Having conducted a cursory review of the attached exhibits, the Court finds that the documents would not affect the following legal analysis. The Court will therefore reject the evidence and analyze the present motion under the standard applicable to Rule 12(b)(6) motions.

DASCO argues that Jones's claim under the TCPA fails as a matter of law because Jones consented to receive the calls at issue. (D.N. 7, PageID # 23) As a general principle, that argument would ordinarily be correct. The TCPA makes it unlawful for any person to place a call "using any automatic telephone dialing system" to a cellphone number without obtaining the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii); *see also Baisden v. Credit Adjustments, Inc.*, 813 F.3d 338, 341–42 (6th Cir. 2016). The Federal Communications Commission (FCC) has interpreted "prior express consent" to include a form of implied consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of* 1991, 7 FCC Rcd. 8752, 8769 (1992) ("[P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary.").

However, even if the Court were to accept DASCO's argument and assume that Jones consented to the calls by releasing his phone number to DASCO, Jones may still have a plausible claim. The FCC has ruled that once given, consent may be revoked "at any time and through any reasonable means." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7989–90 (2015), *overruled on other grounds*, *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687 (D.C. Cir. 2018); *see also Eldridge v. Cabela's Inc.*, No. 3:16-

3

cv-536-DJH, 2017 WL 4364205, at *2 (W.D. Ky. Sept. 29, 2017) (recognizing that an individual may revoke his prior consent under the TCPA). Jones alleges that "[o]n several occasions since the inception of [his DASCO] account, [he] instructed [DASCO's] agent(s) to stop calling his cellular telephone." (D.N. 1, PageID # 4) Indeed, he claims that on one occasion, he specifically "instructed [DASCO's] agent to take him off [its] call list and stop calling his cellular telephone." (*Id*.)

> In response, DASCO contends that Jones's revocation argument is ineffective because
>
> Jones has not produced any evidence that he revoked consent to be called by DASCO . . . . He has not produced any recordings or documentation reflecting a single notion of withdrawn consent.

(D.N. 12, PageID # 55–56) DASCO misstates Jones's burden, however. To avoid dismissal, Jones must merely provide enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. By claiming that he revoked his prior consent, and by providing a specific instance of alleged revocation, Jones has satisfied his burden and has stated a plausible claim for relief under the TCPA. *See id.*; *see also Gold v. Ocwen Loan Servicing, LLC*, No. 2:17-cv-11490, 2017 WL 6342575, at *2 (E.D. Mich. Dec. 12, 2017) ("[A] plaintiff does not need to allege specific dates and times of when he orally revoked consent. Rather, Plaintiff's allegation that he told Defendant's agent to stop calling on multiple occasions is plausible and sufficiently specific." (internal citation omitted)).

Finally, recognizing the futility of its principal argument, DASCO presents an additional argument for the first time in its reply brief. Ultimately, the Court need not address the argument. *See United States v. Gonzalez*, No. 3:16-cr-82-DJH, 2017 WL 4875277, at *2 n.2 (W.D. Ky. Oct. 27, 2017) ("Courts ordinarily refuse to consider arguments raised for the first

4

time in a reply brief." (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008))). In any event, DASCO's remaining argument is unpersuasive. DASCO argues that "Jones presents only vague, ambiguous, and unsupported facts in his Complaint." (D.N. 12, PageID # 54) Specifically, DASCO claims that Jones has failed to adequately allege that it used an automatic telephone dialing system when making the calls at issue. (*Id.*, PageID # 54–55) DASCO again misstates Jones's burden, however. Jones has provided enough "factual content that allows the court to draw the reasonable inference that [DASCO] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In his complaint, Jones claims that "he knew [that DASCO used an] auto-dialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line." (D.N. 1, PageID # 3–4) He also claims that he received "pre-recorded messages from [DASCO]." (*Id.*, PageID # 4) DASCO does not refute these contentions. (*See* D.N. 12) Jones has therefore plausibly alleged that DASCO used an automatic telephone dialing system. *See Duchene v. Onstar, LLC*, No. 15-13337, 2016 WL 3997031, at *5 (E.D. Mich. July 25, 2016) (finding that the plaintiff sufficiently alleged use of an automatic telephone dialing system where he claimed that he "did not answer the call and received a robotic, automated screeching and beeping voicemail"); *Barnes v. Santander Consumer USA, Inc.*, No. 1:14cv01941, 2015 WL 12777362, at *1 (N.D. Ohio June 15, 2015) ("[The plaintiff] alleges that upon answering the calls, she was met with a period of silence before being transferred to one of defendant's representatives . . . . These allegations provide fair notice of the claims against the defendant, and the plaintiff's TCPA claim is sufficiently pled.").

## IV. Conclusion

Viewing the complaint in the light most favorable to him, *see Tackett*, 561 F.3d at 488, the Court finds that Jones has stated a plausible claim under the TCPA upon which relief may be granted. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) DASCO's motion to dismiss (D.N. 7) is **DENIED**.

(2) Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter is **REFERRED** to Magistrate Judge Colin H. Lindsay for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all nondispositive matters, including discovery issues. Judge Lindsay is further authorized to conduct one or more settlement conferences in this matter.

May 14, 2018

**David J. Hale, Judge**
**United States District Court**